UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| MARVIN WAYNE PHIPPS,<br><br>    Plaintiff,<br><br>V.<br><br>RODNEY BALLARD, et al.,<br><br>    Defendants. | Civil Action No. 5: 16-330-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Marvin Wayne Phipps is a former inmate previously confined at the Northpoint Training Center ("NTC") in Burgin, Kentucky. Proceeding without an attorney, Phipps has filed a civil rights action pursuant to 42 U.S.C. § 1983 [R. 1], and the Court has granted his motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(b) by prior Order. [R. 5]

The Court must conduct a preliminary review of Phipps's complaint because he has been granted permission to proceed *in forma pauperis* and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Phipps's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Phipps alleges that on August 12, 2016 – shortly before his release from prison – NTC Re-Entry Coordinator Eva Cochran asked him to sign unidentified papers regarding the "S.O.T.P. Class & the 3-Year conditional discharge after I get out." [R. 1 at 5] Phipps states that he told Cochran that he did not want to sign the papers without an attorney present because he did not understand them, and that he had already taken the S.O.T.P. class while at NTC.

Phipps states that he signed the documents only because Cochran allegedly threatened to have him arrested immediately upon his release if he did not. [R. 1 at 7]

Phipps indicates that he filed an initial grievance regarding the matter, but had not received a response before he filed his complaint on August 29, 2016. [R. 1 at 8, 12] Phipps alleges that as a result of Cochran's insistence that he sign the papers, he suffered chest pains, emotional distress, sleep deprivation and weight loss. Phipps has named Cochran as a defendant, as well as Kentucky Department of Corrections ("KDOC") Commissioner Rodney Ballard and NTC Warden Don Bottom, each in their individual and official capacities. Phipps claims that Cochran's actions violated his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and numerous provisions of the Kentucky Constitution. He seeks $2.5 million in damages, payment of all future medical bills and an exemption from having to take the S.O.T.P. after he is released from prison. [R. 1 at 4, 5]

Phipps is apparently referring to the Sex Offender Treatment Program ("S.O.T.P.") offered by the KDOC. The program was established by statute, Ky. Rev. Stat. 197.400-.440, and the KDOC has promulgated regulations, 501 KAR 6:220, and established operating procedures and requirements for the program in KDOC Corrections Policies and Procedures ("CPP") 13.6 (Sept. 5, 2008). Phipps' participation in the S.O.T.P. was likely required because he was serving a cumulative 27-year sentence for two counts of First Degree Sexual Abuse and one count of Second Degree Rape arising out of a 2003 prosecution in Lincoln County, Kentucky. See http://kool.corrections.ky.gov/KOOL/Details /83362 (last visited on November 4, 2016).

The Court must dismiss the official capacity claims against the defendants, because an "official capacity" suit against a state employee or official is actually a suit against the state itself. The Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought against the

2

state, its agencies, and officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, states, state agencies, and state officials sued in their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court must therefore dismiss all of the official capacity claims with prejudice.

Second, the Court must dismiss the individual capacity claims against KDOC Commissioner Ballard and NTC Warden Bottom because Phipps does not allege that either was personally involved in the conduct about which he complains. In order to recover against a given defendant for an alleged violation of the plaintiff's civil rights, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County, Kentucky*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).

Phipps does not allege that Commissioner Ballard or Warden Bottom participated in the conduct which constituted the deprivation of his constitutionally-protected rights. Instead, Phipps' inclusion of them as defendants suggests his intention to hold them vicariously liable for the alleged misconduct of Cochran. But supervisory liability is unavailable in a civil rights action: "[i]n a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants

3

- the term 'supervisory liability' is a misnomer." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). The Court will therefore dismiss the claims against these two defendants.

Finally, the Court will dismiss the individual capacity claims against Officer Cochran for failure to state a claim. Phipps' sole allegation against Cochran is that she threatened to have him arrested immediately upon his release if he did not sign papers regarding his participation in the S.O.T.P. after his release. [R. 1 at 7] However, Cochran's statements to Phipps were entirely consistent with the requirements of Kentucky law. Even though Phipps had completed a S.O.T.P. in prison, Kentucky law requires further participation and treatment after release. Ky. Rev. Stat. 532.045(4) ("If the court grants probation or conditional discharge, the offender shall be required, as a condition of probation or conditional discharge, to successfully complete a community-based sexual offender treatment program operated or approved by the Department of Corrections or the Sex Offender Risk Assessment Advisory Board."). Failure to participate is grounds for revocation of probation or parole and hence would result in prompt re-arrest. Ky. Rev. Stat. 532.045(6) ("Failure to successfully complete the sexual offender treatment program constitutes grounds for the revocation of probation or conditional discharge."). See also 501 KAR 6:220 § 4(1)(a)-(d); CPP 13.6(III)(A)(2), (E)(2), (F). Even if Cochran's statements in this regard had been incorrect, her conduct did not violate Phipps' civil rights. A threat by a prison official to take allegedly wrongful action in the future does not violate the Constitution: words alone (whether racial slurs or implied threats) may be "unprofessional and reprehensible, [but it] does not rise to the level of constitutional magnitude." *Jones-Bey v. Johnson*, 248 F. App'x 675, 677 (6th Cir. 2007); *Wingo v. Tenn. Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."). The claims against Cochran will therefore be dismissed with prejudice.

4

The foregoing conclusions apply to any claims asserted by Phipps arising under the United States Constitution. To the extent he wishes to pursue state law claims arising under the Kentucky Constitution [R. 1 at 5], the Court will dismiss those claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3) because considerations of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988).

Accordingly, **IT IS ORDERED** that:

1. Phipps's complaint [R. 1] is **DISMISSED WITH PREJUDICE** with respect to all claims arising under the United States Constitution; any and all claims arising under the Kentucky Constitution are **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Entered: November 8, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY